IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MICHAEL A. FADALLA and DANA S. )
FADALLA, individually and on )
behalf of their minor children )
OLIVIA, EMILY and LAUREN )
FADALLA, )
                                )
     Plaintiffs,               )        Civil No. <u>06-2679-D/P</u>
                                )
vs.                             )
                                )
LIFE AUTOMOTIVE PRODUCTS,       )
INC., et al.,                   )
                                )
     Defendants.                )

---

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

---

Before the court by order of reference is plaintiffs' Motion for Leave to Amend and Supplement Complaint to Join Defendants and Add Claims filed April 30, 2008. (D.E. 140). In their motion, plaintiffs seek leave of the court to file an amended complaint adding Spectrum Company ("Spectrum"), River Associates Investments, LLC ("River"), and Steve Farr as defendants and adding claims for successor liability and fraudulent transfer. In its response brief, and at the April 14, 2008, hearing on the motion, Spectrum and River argued that amending the complaint would be futile and that the amended complaint does not meet the requirement of Federal Rule of Civil Procedure 9(b) that averments of fraud must be stated with particularity.

Rule 15(a) provides that, after a responsive pleading is served, a party may amend its pleading with leave of court and that "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Nonetheless, a court may deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962).

The plaintiffs seek to add claims of successor liability and fraudulent conveyance.  The amended complaint asserts that defendant Life Automotive Products has been consolidated or merged with Spectrum, and as a result Spectrum has assumed Life Automotive's liabilities.  The amended complaint also asserts that the defendants entered into the transaction with Spectrum and River in order to escape liability to the plaintiffs.  The court finds that these allegations are sufficient to support the motion to amend the complaint. The court concludes that, pursuant to the standards set forth in Rule 15, the motion is well taken and is therefore GRANTED.[1]

IT IS SO ORDERED.

s/ Tu M. Pham
_____

TU M. PHAM

United States Magistrate Judge

_____

[1]The arguments of River and Spectrum relating to the insufficiency and lack of specificity of the fraud allegations may be raised in a separate motion to dismiss.

June 27, 2008

Date